**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000679
13-MAR-2024
08:14 AM
Dkt. 87 SO**

NO. CAAP-22-0000679

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
BYRON DEREGO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-19-0000517)

SUMMARY DISPOSITION ORDER
(By:  Hiraoka, Presiding Judge, Nakasone and Guidry, JJ.)

Defendant-Appellant Byron DeRego (**DeRego**) appeals from the Order Denying Defendant's Motion for a New Trial, entered on October 11, 2022, and the Judgment, Conviction and Sentence (**Judgment**) entered on October 14, 2022, by the Circuit Court of the Second Circuit (**circuit court**).[1]  On August 12, 2019, DeRego was indicted on one count of Sexual Assault in the First Degree[2]

---

[1]    The Honorable Kirstin M. Hamman presided.

[2]    The indictment stated, in relevant part,

That on or about the 31st day of March, 2019, in the County of Maui, State of Hawaii, BYRON DeREGO did knowingly engage in sexual penetration with another person who is less than

(continued . . .)

in violation of Hawaii Revised Statutes (**HRS**) § 707-730(1)(b) (2014).[3] DeRego pleaded not guilty, and the matter proceeded to a jury trial. The jury found DeRego guilty as charged. DeRego was sentenced to a term of twenty years imprisonment.

DeRego raises two points of error on appeal, contending that (1) "[t]he conviction should be reversed for prosecutorial misconduct"; and (2) "[t]rial counsels were constitutionally ineffective[.]"

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve DeRego's points of error as follows:

(1) We conclude that the Deputy Prosecuting Attorney (**DPA**) did not commit prosecutorial misconduct. "The term prosecutorial misconduct is a legal term of art that refers to any improper action committed by a prosecutor, however harmless or unintentional." State v. Conroy, 148 Hawaiʻi 194, 201, 468 P.3d 208, 215 (2020) (cleaned up). We review contentions of prosecutorial misconduct under the harmless beyond a reasonable

---

[2](. . .continued)
fourteen (14) years old, by inserting his penis into her vagina, thereby committing the offense of Sexual Assault in the First Degree in violation of Section 707-730(1)(b) of the Hawaii Revised Statutes.

[3]    HRS § 707-730(1)(b) (2014) provides, in pertinent part, "A person commits the offense of sexual assault in the first degree if. . . (b) The person knowingly engages in sexual penetration with another person who is less than fourteen years old[.]"

doubt standard.  See State v. Mainaaupo, 117 Hawaiʻi 235, 247,

178 P.3d 1, 13 (2008).

DeRego's contention that the DPA violated the circuit

court's order granting DeRego's Motion in Limine No. 23, which

instructed that "any reference by Dr. Kepler as to why the

Forensic Examination of complainant was not completed and/or any

explanations by Dr. Kepler as to complainant's emotions during

the examination be excluded," lacks merit.  The record reflects

the DPA's examination of Dr. Kepler as follows,

> Q [by DPA].  And as part of your exam of the child, you do a genital exam of this child?
>
> A [by Dr. Kepler].  Yes.
>
> Q.  And did you examine her hymen?
>
> A.  I -- I began to examine the hymen but she resisted and cried.
>
> [TRIAL COUNSEL]:  Your Honor, could we approach?
>
> THE COURT:  Yes.
>
> (The following was heard at the bench.)
>
> [TRIAL COUNSEL]:  I believe prior to trial it was agreed upon on at the motion in limines about the crying and -- and so --
>
> [DPA]:  That's correct.  Yeah, and I told him he -- I told him out there he shouldn't mention that.  So I --
>
> [TRIAL COUNSEL]:  Your Honor, we want to confer quietly with our client as to whether we need to make a motion for mistrial if we could have five minutes. . . .
>
> . . . .
>
> (The following was heard at the bench.)
>
> [TRIAL COUNSEL]:  Your Honor, during the break we conferred with Mr. DeRego.  The defense will not be requesting a motion for mistrial.  We will ask that the

last answer be stricken and have the jury instructed to
disregard the last answer. Thank you.

(The following was heard in open court.)

THE COURT: The Court will note that the Court
is striking the last statement by the witness and the jury
is instructed to disregard that statement and we can
continue with the testimony.

As the transcript reflects, Dr. Kepler provided the

unsolicited commentary regarding the complaining witness's

emotional response, and the circuit court, at the request of

DeRego's counsel, struck Dr. Kepler's response and ordered the

jury to disregard the response.[4]

Moreover, DeRego's contention that the DPA violated

the circuit court's order granting DeRego's Motion in Limine

No. 25, excluding evidence regarding DeRego's extradition to

Hawai'i from Nevada, also lacks merit. The record reflects that

the circuit court ordered, with regard to Motion in Limine No.

25, "as far as [DeRego] being extradited out of state, then I

will grant the motion as to that information." The DPA's cross-

examination question to DeRego, regarding whether DeRego had a

surgical procedure performed in Nevada, was not on the subject

of DeRego's extradition. And the DPA's question to another

witness, as to whether DeRego "drive[s] around in the same

_____

[4] To the extent that Dr. Kepler's testimony constituted an improper
remark by a witness, we conclude that the statement -- which was immediately
stricken from the record, at the request of DeRego's counsel, with an
instruction to the jury to disregard the remark -- was harmless beyond a
reasonable doubt. See State v. Samuel, 74 Haw. 141, 149, 838 P.2d 1374, 1378
(1992) ("In determining whether improper remarks made by a witness
constitutes reversible error, the same analysis used for prosecutorial
misconduct is applicable.").

Bronco [vehicle][,]" did not solicit the witness's subsequent reference to DeRego's extradition -- i.e., "[w]hen the police got him from the mainland[.][5] We thus conclude that the DPA's questions were not in violation of the circuit court's in limine rulings.

(2) With respect to DeRego's contention that he received ineffective assistance of counsel at trial, we conclude that the record is not sufficiently developed for this court to address DeRego's claim that his trial counsel permitted the DPA to "run[] roughshod[,]" and failed to move for a mistrial. State v. Silva, 75 Haw. 419, 439, 864 P.2d 583, 592 (1993) ("[N]ot every trial record is sufficiently developed to determine whether there has been ineffective assistance of counsel; indeed, a defendant is often only able to allege facts that, if proved, would entitle him or her to relief.").

We thus affirm the Judgment without prejudice to DeRego's filing of a petition for post-conviction relief, pursuant to Hawai'i Rules of Penal Procedure Rule 40, to allow for the development of a factual record as to those contentions of ineffective assistance of counsel. Silva, 75 Haw. at 439, 864 P.2d at 592-93 ("[W]here the record on appeal is

---

[5]   To the extent that this unelicited response constituted an improper remark by the witness, we conclude that the statement, which was immediately stricken from the record by the circuit court with an instruction to the jury to disregard the witness's statement, was harmless beyond a reasonable doubt. Samuel, 74 Haw. at 149, 838 P.2d at 1378.

insufficient to demonstrate ineffective assistance of counsel, but where: (1) the defendant alleges facts that if proven would entitle him or her to relief, and (2) the claim is not patently frivolous and without trace of support in the record, the appellate court may affirm defendant's conviction without prejudice to a subsequent Rule 40 petition on the ineffective assistance of counsel claim.").

DATED:  Honolulu, Hawaiʻi, March 13, 2024.

On the briefs:

Gerald T. Johnson,
for Defendant-Appellant.

Richard B. Rost,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge